UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.

ANA LORENA NUILA
DE GADALA-MARIA, *et al.*,

    Plaintiffs,

vs.

WILLIS GROUP HOLDINGS
PUBLIC LIMITED COMPANY,
*et al.*,

    Defendants.

_____

## NOTICE OF REMOVAL

Defendant Willis of Colorado, Inc. files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446 and hereby removes the action currently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, entitled *Ana Lorena Nuila de Gadalamaria, et. al v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05669CA30, to the United States District Court for the Southern District of Florida, Miami Division. In support of this notice, Defendant Willis of Colorado respectfully states:

### I.    Overview

1.    The claims in this action arise from the collapse of the Stanford Financial Group, which is now in receivership in the U.S. District Court for the Northern District of Texas (Receivership Court). *See Sec. & Exch. Comm'n v. Stanford Int'l Bank, Ltd., et al.*, Case No. 3:09-CV-0298-N (N.D. Tex.) (SEC Action). Plaintiffs claim to have purchased Stanford-issued certificates of deposit (CDs) based on Stanford's alleged misrepresentations that the CDs were safe, liquid investments that would provide an attractive rate of return. According to Plaintiffs, those

representations were false because Stanford, *inter alia*, (1) stole the proceeds of CD sales; (2) invested the proceeds of CD sales in speculative, illiquid, risky assets; and (3) used funds from newer CD purchasers to pay earlier CD purchasers. Plaintiffs claim that Defendants aided and abetted the Stanford fraud by issuing letters verifying certain insurance coverages that had been placed for Stanford (Insurance Letters). Plaintiffs claim that the Insurance Letters were false and misleading and that they relied on the Insurance Letters in deciding to purchase Stanford CDs. Defendants dispute these allegations and intend to vigorously defend the lawsuit.

2.  This case is removable under 28 U.S.C. § 1441 based on this Court's original jurisdiction under 28 U.S.C. § 1332(a)(2) and (a)(3). As discussed below, Plaintiffs plead that they are citizens of El Salvador, Nicaragua, Panama, the United States, and Spain. Defendant Willis of Colorado is a citizen of Colorado; there is no basis from the Complaint to conclude that any plaintiff is a citizen of that state. Defendants Willis Group Holdings Public Limited Company (Willis Group), a citizen of Ireland, and Willis Limited, a citizen of the United Kingdom, have been fraudulently joined in an improper attempt to defeat diversity jurisdiction. Accordingly, the citizenship of Willis Group and Wills Limited should be disregarded, and complete diversity exists between the properly joined parties. No defendant resides in or is a citizen of Florida. Additionally, the amount in controversy in this action is at least $83,500,000. (*See* Ex. A (Compl.) ¶¶ 5, 65.)

3.  Removal is also proper pursuant to 28 U.S.C. § 1441 because this action is an *in rem* proceeding implicating Stanford "Receivership Estate" property, which lies within the exclusive jurisdiction of the Receivership Court, where a multidistrict litigation relating to the alleged Stanford fraud is also pending.[1] *In re: Stanford Entities Securities Litigation*, MDL No. 2099. To create an orderly

---

[1] *In rem* jurisdiction must remain exclusive, or else the court possessing it could not maintain control of the *res*. That is why "it is well-settled that only one court may have jurisdiction over the *res* in an *in rem* proceeding, and therefore the first court to obtain *in rem* jurisdiction maintains it to the exclusion of all others, *whether that court be state or federal*." *Madewell v. Downs*, 68 F.3d 1030, 1041 n.13 (8th Cir.

2

structure to the numerous cases arising out of the alleged Stanford Ponzi scheme, Judge Godbey of the Receivership Court has issued an Order requiring that *all* Stanford-related cases involving entities in receivership; the Stanford "Receivership Estate"; or claims against former Stanford agents, officers, or employees *must* be brought in the Receivership Court. That includes this action, which unquestionably implicates the Receivership Estate. Indeed, Plaintiffs' allegations in this action overwhelmingly consist of "copycat" allegations from complaints already pending in the Receivership Court following transfers by the Judicial Panel on Multidistrict Litigation.[2] More importantly, two of the three removal grounds invoked here—both the *in rem* and the SLUSA (defined below) questions—currently are ripe for resolution in one of the cases pending before Judge Godbey. Accordingly, this action should likewise be transferred so that it does not undermine the exclusive jurisdiction of the Receivership Court.

4. Additionally, removal is proper pursuant to Title I of the Securities Litigation Uniform Standards Act of 1998 (SLUSA), 15 U.S.C. §§ 77p(b), 78bb(f)(1). SLUSA permits removal (and requires dismissal) of class-action lawsuits that are brought under state law and allege misrepresentations or omissions in connection with the purchase or sale of covered securities. As explained below, this action falls squarely within SLUSA's terms.

5. Copies of the relevant pleadings, filings, and process served on or received by Defendant Willis of Colorado in the state-court action are attached to this notice as composite

---

1995) (emphasis added). The Receivership Court also has ancillary jurisdiction over this matter because such exercise of ancillary jurisdiction is necessary to protect the Receivership Court's *in rem* jurisdiction over the Receivership Estate. *Olis, Inc. v. Blakenship*, 145 F.2d 354, 356 (10th Cir. 1944) ("A federal court, which has taken custody and control of property in a proceeding of which it has jurisdiction, has ancillary jurisdiction of a subordinate suit or proceeding affecting such property, even though the jurisdictional facts necessary to confer jurisdiction in an independent suit do not exist."); *see also Sec. & Exch. Comm'n v. W. L. Moody & Co.*, 363 F. Supp. 481, 483 (S.D. Tex. 1973) ("The rights of any creditor to the [receivership] estate may be federally adjudicated as ancillary to the main proceeding.").

[2] Willis of Colorado intends to promptly file a Notice of Tag-Along Action with the MDL Panel.

3

Exhibit A. Defendant Willis of Colorado was personally served with Plaintiffs' summons and Complaint on May 21, 2013.

## II.   This Notice is Timely

6.   Defendant Willis of Colorado was served with this action when its registered agent was served with the summons and Complaint on May 21, 2013. Defendant Willis of Colorado filed this notice within 30 days of that date, as calculated according to Federal Rule of Civil Procedure 6. Therefore, this notice is timely under 28 U.S.C. § 1446(b)(2)(B).

7.   Defendants Willis Group and Willis Limited have not been served with the Complaint, nor are they properly joined. Accordingly, their consent to removal is not required under 28 U.S.C. § 1446(b)(2)(A).

## III.   Bases for Removal

### A.   The Properly Joined Parties Are Completely Diverse

8.   According to the Complaint, plaintiffs Ana Lorena Nuila de Gadalamaria, Jose Nuila, Jose Nuila Fuentes, Gladys Bonilla de Nuila, Gladys Elena Nuila de Ponce, Jose Ricardo Nuila Bonilla, Victor Jorge Saca Tueme, Catalina Nustas de Saca, Claudia Lizete Saca de Gallegos, Jorge Victor Saca Nustas, Monica Emely Saca Nustas, Katia Maria Ghattas de Saca, Monica Emely Saca, Elias Saca Tueme, Eileen Nicolle Saca de Giacoman, Edith Marleyn Saca Ballesteros, Jenny Sorel Saca Ballesteros, Oscar Kafati, Mauricio Bigit Posada, Jose Antonio Miguel Bandek, Eduardo Elias Miguel Giha, Ernesto Urcuyo Abarca, Lorna Maria Lacayo de Urcuyo, Braulio Vargas, Guillermo Aceto Marini, Marta Oriani de Gutierrez Lopez, Jose Rolando Gutierrez Oriani, Carlos Armando Gutierrez Oriani, Arely Arguello de Gutierrez, Dora Ernestina Echevarria Cañas de Gutierrez, Jose Rolando Gutierrez Oriani, Anabella Viaud Vda. de Arias, Tom Hawk, Claude Dumont de Hawk, Juan Jose Domenech, Javier Cabrera, Jose Luis Cabrera, Roberto Dumont Alvarez, Claude Dumont Alvarez, Roberto Dumont, Catia Eserski de Dumont, Roberto Javier Dumont Eserski, Jose Adolfo

4

Rubio, Maria Teresa Olmos, and Vivian Tatiana Molins de Laennec are citizens of El Salvador and, upon information and belief, were citizens of El Salvador at the time of removal.

9. According to the Complaint, plaintiffs Jose Ofilio Lacayo Perez, Celia Josefina Vivas de Lacayo, Bernardo Ramon Chamorro Cuadra, Rhina Auxiliadora Urcuyo de Chamorro, Mylena Del Socorro Icaza de Lacayo, Humberto Jose Lacayo Dubon, Maria Auxiliadora Herdocia, Filiberto Antonio Herdocia Lacayo, and Maria Nora Icaza de Herdocia are citizens of Nicaragua and, upon information and belief, were citizens of Nicaragua at the time of removal.

10. According to the Complaint, plaintiffs Stemich International Holdings Corp., Inizia Holdings S.A., and Ocean Waters Holdings S.A. are citizens of Panama and, upon information and belief, were citizens of Panama at the time of removal.

11. According to the Complaint, plaintiff Judith Cabrera is a citizen of Spain and, upon information and belief, was a citizen of Spain at the time of removal.

12. According to the Complaint, plaintiffs Ariel Lacayo, Leonel Lacayo, Mercedes Arguello de Lacayo, Francisco Roberto Dueñas Fortuna, Gina Maria Umana de Morales, and Gina Dordelly de Umana are citizens of the United States; there is no basis from the Complaint to believe that these plaintiffs are citizens of Colorado.

13. At the time of the filing of the Complaint, defendant Willis of Colorado was and now is a Colorado company with its principal place of business in Denver, Colorado.

14. At the time of the filing of the Complaint, fraudulently joined defendant Willis Group was and now is an Irish company with its principal place of business in London, U.K.

15. At the time of the filing of the Complaint, fraudulently joined defendant Willis Limited was and now is a U.K. company with its principal place of business in London, U.K.

16. There is complete diversity under 28 U.S.C. § 1332(a)(3) between Plaintiffs Ariel Lacayo, Leonel Lacayo, Mercedes Arguello de Lacayo, Francisco Roberto Dueñas Fortuna, Gina

Maria Umana de Morales, and Gina Dordelly de Umana, on the one hand, and defendant Willis of Colorado, on the other hand. The presence of additional foreign plaintiffs and foreign defendants does not defeat jurisdiction under section 1332(a)(3).

17. Even if Plaintiffs were not citizens of the United States, this Court would still have jurisdiction based on the doctrine of fraudulent joinder. Specifically, Willis of Colorado is the only defendant properly named in this action. Defendants Willis Group and Willis Limited have been fraudulently joined in an attempt to defeat diversity jurisdiction. Accordingly, their "citizenship is not considered in determining whether complete diversity exists." *Accordino v. Wal-Mart Stores E., L.P.*, No. 3:05-CV-761 J32 MRC, 2005 WL 3336503, at *2 (M.D. Fla. Dec. 8, 2005). Excluding defendants Willis Group and Willis Limited, and in the event that no Plaintiff is a citizen of the United States, there would be complete diversity under 28 U.S.C. § 1332(a)(2) between such foreign plaintiffs and Willis of Colorado, which, as noted, is a citizen of Colorado.

18. Fraudulent joinder exists when, *inter alia*, "there is no reasonable possibility that Plaintiffs can establish a cause of action against" a defendant. *Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005). There is no possibility that Plaintiffs can establish a claim against Willis Group or Willis Limited here.

19. All of Plaintiffs' claims are based on the Insurance Letters issued by defendant Willis of Colorado, an example of which is attached as Exhibit B hereto. Those letters are the only statements by any defendant on which Plaintiffs claim to have relied in purchasing Stanford International Bank, Ltd. (SIB) CDs (*see* Ex. A (Compl.) ¶¶ 64-65, 71-82), and Plaintiffs' alleged reliance on the Insurance Letters forms the basis for each of their three claims, (*see id.* ¶ 85 (Count I—Information Negligently Supplied for the Guidance of Others: "Willis . . . supplied false and misleading information for the guidance of purchasers of Stanford Financial CDs"), 89 (Count II—Negligent Misrepresentation: "Defendants . . . made material misrepresentations to the Plaintiffs

6

through the Willis Letters"), 96 (Count III—Aiding and Abetting Fraud: "Defendants provided substantial assistance to advance the commission of the fraud by knowingly issuing letters to Plaintiffs or Willis investors generally with material misrepresentations and omissions of fact").) Had Plaintiffs' Complaint included the complete text of the sample Insurance Letter and not just an incomplete excerpt (*see id.* ¶ 64), it would be clear that the Insurance Letters were issued only by defendant Willis of Colorado, and not defendants Willis Group or Willis Limited.[3]

20. Thus, there is "no reasonable possibility" that Plaintiffs will recover against foreign defendants Willis Group and Willis Limited; those defendants have been fraudulently joined and should be disregarded for purposes of diversity jurisdiction. *Legg*, 428 F.3d at 1323; *Scipione v. Advance Stores Co., Inc.*, No. 8:12-CV-687-T-24-AEP, 2012 WL 3105199, at *3-4 (M.D. Fla. July 31, 2012) (fraudulent joinder established when "[t]he evidence before the Court indicates that there is no possibility [plaintiff] can establish a cause of action against [defendant]").

21. Finally, the amount in controversy exceeds $75,000: according to the Complaint, Plaintiffs claim to "have collectively lost over $83.5 million" "as a result of Willis' participation in the Stanford Financial scheme." (*See* Ex. A (Compl.) ¶¶ 5, 65.)

### B. This is a Removable *in rem* Proceeding

22. In addition to diversity jurisdiction, this Court also has jurisdiction because this is an *in rem* action, in which there is exclusive jurisdiction in the Receivership Court. Specifically, Judge Godbey's Second Amended Order Appointing Receiver (Receivership Order) in the SEC Action states that the Receivership Court "assumes exclusive jurisdiction and takes possession of the assets, monies, securities, properties, real and personal, tangible and intangible, of whatever kind and

---

[3] The full text of the Insurance Letters would also be properly considered on a F.R.C.P. 12(b)(6) motion. *See, e.g., Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal . . . .").

7

description, wherever located, and the legally recognized privileges (with regard to the entities), of the Defendants and all entities they own or control." (Ex. C (Receivership Order) ¶ 1.) Except with the permission of the Receivership Court, any action "to determine disputes relating to Receivership Assets and Receivership Records shall be filed in this [Receivership] Court." (*Id.* ¶ 12.)

23. This action implicates the Receivership Estate because, in the event Defendants are held liable to Plaintiffs, Defendants will seek recovery/indemnification from Stanford and related entities and individuals. Because this action implicates the *res* or assets of the Receivership Estate—over which the Receivership Court has exclusive jurisdiction—the face of the "well-pleaded complaint" implicates a federal question, and removal is proper. *See, e.g.*, Wright & Miller, Federal Practice & Procedure § 2985 ("[A]ll rights to the property in question must be adjusted by the appointing court for as long as it has jurisdiction, which is until the receivership is terminated.") (citing *Penn Gen. Cas. Co. v. Penn.*, 294 U.S. 189, 195 (1935)). Moreover, the prosecution and defense of this action will undoubtedly require discovery from Stanford itself, which further implicates the Receivership Order and the Receivership Court's jurisdiction. Specifically, the Receivership Order provides that the Receivership Court "assumes exclusive jurisdiction and takes possession of . . . the books and records, . . . computers, computer hard drives, computer disks, internet exchange servers telephones, personal digital devices and other informational resources of or in possession of the Defendants . . . ('Receivership Records')." (Ex. C (Receivership Order) ¶ 1.) The Receivership Court should supervise discovery in this matter, which will necessarily involve Receivership Records.

24. In accordance with the Receivership Order and the orderly structure imposed by the Receivership Court, numerous actions, almost identical to this action, have been filed against some or all of the same Defendants in this action in the Receivership Court or have been transferred to the Receivership Court by the MDL Panel or another court for pretrial coordination (Insurance

8

Letter Cases).[4] As no facts alleged here differentiate these Plaintiffs or their claims from the other Stanford-investor plaintiffs and their claims in the Insurance Letter Cases against some of these same Defendants, this action belongs in the Receivership Court. Once transferred, Judge Godbey can coordinate proceedings to ensure judicial efficiency, preserve Receivership Estate assets and litigant resources, and guard against wasteful and duplicative litigation in competing fora that could produce conflicting rulings and impermissibly undermine the Receivership Court's exclusive jurisdiction.

        C.      **This Action is Removable Under SLUSA**

25.      To prevent plaintiffs from using state courts to bypass the rigorous requirements of the Private Securities Litigation Reform Act of 1995 (PSLRA), SLUSA precludes and authorizes the removal of actions brought in state court under state law based on alleged misrepresentations made in connection with the purchase or sale of a covered security. SLUSA requires the removal of state law actions when three conditions are met: (1) the claims are based on state law; (2) the action is a "covered class action"; and (3) the action involves allegations of misrepresentation in connection with the purchase or sale of a "covered security". *See* 15 U.S.C. §§ 77p(b), 77p(c), 78bb(f)(1), 78bb(f)(2). This action satisfies the three criteria for SLUSA removal.

26.      First, Plaintiffs bring only state-law claims. (Ex. A (Compl.) ¶¶ 59, 83-97 (asserting claims under "Florida common law" for Information Negligently Supplied for the Guidance of Others, Negligence Misrepresentation, and Aiding and Abetting Fraud).) Accordingly, Plaintiffs' claims all arise under state law.

---

[4] *Troice, et al. v. Willis of Colorado, Inc. et al.*, No. 3:09-CV-01274-N (N.D. Tex.); *Ranni v. Willis of Colorado, Inc., et al.*, Case No. 3:09-cv-02042-N (N.D. Tex.); *Casanova v. Willis of Colorado, Inc., et al.*, Case No. 3:10-cv-01862-N (N.D. Tex.); *Rishmague, et al. v. Winter, et al.*, 3:2011-cv-02024 (N.D. Tex.); *MacArthur, et al. v Winter, et al.*, Case No. 3:13-cv-01449-N (N.D. Tex.).

27.  Second, this action is a "covered class action" under SLUSA. SLUSA defines a "covered class action" to include a single lawsuit or a group of lawsuits pending in the same court seeking damages on behalf of more than 50 people. *See* 15 U.S.C. §§ 77(p)(f)(2)(A)(i)(I), 78 bb(f)(5)(B)(i)(I). This action, with 64 individual plaintiffs, is therefore a "covered class action." Moreover, along with this action, Plaintiffs' counsel has filed virtually identical complaints against the same defendants, based on the same facts, alleging the same claims, on behalf of a total of 122 plaintiffs.[5] Accordingly, this action is also a "covered class action" because it is part of a covered "group of lawsuits." *See, e.g., Instituto De Prevision Militar v. Merrill Lynch*, 546 F.3d 1340, 1346-47 (11th Cir. 2008) (*IDPM*) (holding that individual action was a SLUSA "covered class action" because it was a part of a covered "group of lawsuits" in the same court); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 535 F.3d 325, 333 & n.5, 342 (5th Cir. 2008) (holding that ten separately filed actions with 196 total plaintiffs constituted a covered class action under SLUSA); *In re WorldCom, Inc. Sec. Litig.*, 308 F. Supp. 2d 236, 246 (S.D.N.Y 2004) (similar).

28.  Third, this action involves allegations of misrepresentations in connection with the purchase or sale of a "covered security." Plaintiffs assert numerous misrepresentation- and/or fraud-based claims under Florida common law.[6] (Ex. A (Compl.) ¶¶ 83-97 (asserting claims for Information Negligently Supplied for the Guidance of Others, Negligence Misrepresentation, and Aiding and Abetting Fraud).)

---

[5] *See Ranni, et al. v. Willis Group Holdings Plc*, No. 1305673CA06 (filed Feb. 14, 2013); *Zacarias, et al. v. Willis Group Holdings Plc*, No. 1305678CA11 (filed Feb. 14, 2013); *Tisminesky, et al. v. Willis Group Holdings Plc*, No. 1305676CA09 (filed Feb. 14, 2013); *Barbar, et. al v. Willis Group Holdings Plc*, No. 13-05666CA27 (filed Feb. 14, 2013) (all attached as composite Exhibit D hereto).

[6] While all of Plaintiffs' claims here sound in fraud, the particular label that a plaintiff assigns to his, her or its causes of action is not dispositive to the SLUSA analysis. *See Miller v. Nationwide Life Ins. Co.*, 391 F.3d 698, 702 (5th Cir. 2004) ("[T]he issue of preemption . . . hinges on the content of the allegations—not on the label affixed to the cause of action.").

10

29. These alleged misrepresentations are in connection with covered securities as Plaintiffs' claims are based entirely on the alleged Stanford fraud, which encompassed the purchase and sale of covered securities or, at the very least, promises by Stanford to do so. For example, in its annual report, Stanford claimed to invest in a "well balanced global portfolio of marketable financial instruments, namely U.S. and international securities and fiduciary placements." (*See* Ex. E (SIB 2007 Annual Report) at 16); *see also* Second Am. Compl., *Sec. Exch. Comm'n v. Stanford Int'l Bank, Ltd*, Case No. 3:09-CV-298-N (N.D. Tex) ¶¶ 32 ("In selling the CD, [Stanford International Bank, Ltd. (SIB)] told investors that . . . their assets were safe and secure because the bank invested in a 'globally diversified portfolio' of 'marketable securities' . . . . These representations were false."), 4 (defendants "lied to investors about the nature and performance of the portfolio"), 2-3, 31, 35.[7] Such investments would necessarily include securities traded on national markets and exchanges, thereby falling within SLUSA's "covered security" definition. Moreover, Plaintiffs allege that "[i]nvestors were told that the [SIB CDs] were insured, safe, and highly liquid" (Ex. A (Compl.) ¶ 1) which was untrue because, *inter alia*, Stanford "funneled deposits to Allen Stanford personally as supposed undocumented 'loans,' speculated in real estate, and undertook other high-risk investments" (*id.* ¶ 3), *i.e.*, put the money into "assets" other than covered securities. (*See also id.* ¶ 66 (similar).) Thus, Plaintiffs' claims here depend on SIB's purported failure to invest in covered securities as promised.

30. Finally, the Receivership Court has already dismissed one of the Insurance Letter Cases, involving these same defendants, under SLUSA for precisely the reasons set forth above. *Troice v. Willis of Colorado, Inc.*, *supra* n.4. Given the overlap of related issues in the Stanford MDL cases, the Receivership Court announced that it would first rule on the applicability of SLUSA in

---

[7] Plaintiffs' Complaint relies on the SEC Action against Stanford, citing it as the event that "exposed the massive fraud" on which Plaintiffs' claims are based. (*See* Ex. A (Compl.) ¶ 69.)

11

one such case, *Roland v. Green*, No. 10-cv-00224-N (N.D. Tex.), and then apply that ruling to related cases within the Stanford MDL. On August 31, 2011, the Receivership Court dismissed the *Roland v. Green* action with prejudice under SLUSA. (*Roland*, No. 10-cv-00224-N, Mem. Op. at 23.) On October 27, 2011, the Receivership Court dismissed the Troice matter based on the reasoning of Roland. The Fifth Circuit reversed, *Roland v. Green*, 675 F.3d 503 (5th Cir. 2012), and, in doing so, rejected the Eleventh Circuit's interpretation of SLUSA (which the Receivership Court had followed).[8] On January 18, 2013, the U.S. Supreme Court granted certiorari in order to resolve the circuit split created by the Fifth Circuit's *Roland* decision. *See Willis of Colorado Inc. v. Troice*, No. 12-86 (to be argued in the October Term 2013). If the Supreme Court reverses *Roland*, such decision will confirm that SLUSA applies to this action for the reasons set forth herein.

### IV. Removal is Proper

31. Based on the foregoing, there is complete diversity between plaintiffs Ariel Lacayo, Leonel Lacayo, Mercedes Arguello de Lacayo, Francisco Roberto Dueñas Fortuna, Gina Maria Umana de Morales, and Gina Dordelly de Umana, on the one hand, and defendant Willis of Colorado, on the other hand, and the amount in controversy exceeds $75,000. Therefore, this Court has original jurisdiction under 28 U.S.C. § 1332. Because this Court has original jurisdiction under 28 U.S.C. § 1332, and no defendant in this action is a citizen or resident of Florida, removal is proper under 28 U.S.C. §§ 1441 and 1446.

32. Based on the foregoing, this action is an *in rem* proceeding implicating the Stanford Receivership Estate; as such, it is within the exclusive jurisdiction of the Northern District of Texas and subject to removal and transfer to that court.

---

[8] *See IDPM*, 546 F.3d at 1349 ("in connection with" element is satisfied when plaintiff alleges that the "fraud . . . induced [plaintiff] to invest" or alleges "a fraudulent scheme that coincided and depended upon the purchase or sale of securities"), *cited in Roland*, 675 F.3d at 519–20.

12

33.     Based on the foregoing, this action is subject to removal (and dismissal) pursuant to SLUSA, 15 U.S.C. §§ 77p(b), 78bb(f)(1).

34.     As required by 28 U.S.C. § 1446(d), Defendant Willis of Colorado will give notice of the filing of this notice of removal to the clerk of the Circuit Court where this action was commenced.

WHEREFORE, Defendant Willis of Colorado respectfully requests that this action be removed from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami Division.

Dated: June 3, 2013

Respectfully submitted,

*Edward Soto*

Edward Soto (Fla. Bar No. 0265144)
edward.soto@weil.com
WEIL, GOTSHAL & MANGES, LLP
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3100
Facsimile: (305) 374-7159

*Attorneys for Defendant Willis of Colorado*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via U.S. Mail and electronic mail on June 3, 2013 to:

Luis Delgado
Christopher King
HOMER & BONNER, PA.
The Four. Seasons Tower
1441 Brickell Avenue, Suite 1200
Miami, Florida 33131

Ervin Gonzalez
Curtis Miner
COLSON HICKS EIDSON, PA.
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33132

*Counsel for Plaintiffs*

*/s/ Edward Soto*
Edward Soto (Fla. Bar No. 0265144)
edward.soto@weil.com
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue
Suite 1200
Miami, Florida 33131
Phone: (305) 577-3100
Fax: (305) 374-7159

US_ACTIVE:\44264837\1\81181.0008